CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
FEB 28 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EVELYN MANTERIS, | ) CASE NO. 3:10CV00034 |
| | ) |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MICHAEL J ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 2, 2006 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on January 15, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity from August 15, 1997, her

alleged disability onset date, through her date last insured, March 31, 2003[1]. (R. 14.) The Law Judge determined plaintiff suffered severe impairments, but that through her date last insured, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 15, 25.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform a wide range of light and sedentary work. (R. 29.) The Law Judge believed that plaintiff should avoid hazards, such as unprotected heights and moving machinery, due to pain that is noticeable to her at all times, but that she has the physical and mental capabilities to carry out assigned duties at the light level of exertion. (*Id.*) Moreover, plaintiff can lift/carry twenty pounds occasionally and ten pounds frequently, can stand/walk about four to six hours in an eight hour workday, and is unlimited in sitting. (*Id.*) The Law Judge found that plaintiff suffered no other significant postural, manipulative, visual, communicative, or environmental limitations. (*Id.*) The Law Judge determined that this RFC precluded plaintiff from performing her past relevant work as a dental hygienist. (R. 33.) Even so, the Law Judge concluded that other jobs existed in significant numbers that she could perform. (R. 34.) Ultimately, the Law Judge found plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's January 15, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, March 31, 2003. *See* 20 C.F.R. § 404.131(a).

2

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge committed legal error by failing to properly consider her subjective complaints of pain and symptoms in a manner consistent with *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). (Pl's Brief, pp. 8-10.) Specifically, plaintiff contends that the Law Judge erred by just accepting the functional limitations offered by the medical expert, Charles L. Cooke, M.D., who relied exclusively on the objective medical evidence. (Pl's Brief, p. 10.) Additionally, plaintiff argues that the Law Judge's credibility finding is not supported by substantial evidence. (*Id.*) The undersigned disagrees.

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig*, 76 F.3d at 591; *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

At step one in his credibility assessment, the Law Judge found that plaintiff's medically determinable impairments reasonably could have been expected to produce the symptoms she alleged. (R. 30.) At step two, the Law Judge concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (*Id.*) The undersigned finds that the Law Judge's credibility analysis is consistent with applicable decisional and regulatory authority.

Contrary to plaintiff's allegations, the record shows that the Law Judge thoroughly evaluated the evidence. Specifically, he provided a lengthy factual rationale supporting his finding that plaintiff's statements were "not entirely credible." That rationale included evidence apart from the mere opinion of Dr. Cooke. For instance, the Law Judge found that there was symptoms magnification. (R. 30.) Specifically, he noted that a physician reported that plaintiff

was rejecting recommendations that could help her get better. (R. 30-31, 481.) The Law Judge also noted that a functional capacity evaluation revealed that plaintiff's symptoms did not correspond to any determatomal or myotome pattern of weakness and that nine out of sixteen indicators were positive on the Waddell's test[2]. (R. 31, 372, 375.) Additionally, the Law Judge found that there were inconsistencies in plaintiff's statements which detracted from her credibility. (R. 30.) For instance, although she alleged an inability to work in 1996, she continued to work well beyond this time. (R. 30, 76, 136, 370.) The Law Judge's finding that plaintiff was "not entirely credible" is supported by substantial evidence.

Next, plaintiff argues that the Law Judge erred in determining that she could engage in competitive employment. (Pl's Brief, pp. 11-12.) Plaintiff cites Dr. Cooke's testimony which she suggests supports her contention that she was not capable of engaging in employment without further treatment. (Pl's Brief, p. 11.)

In that regard, Dr. Cooke was asked by the Law Judge whether he believed that plaintiff was capable of full-time employment during the relevant time period, namely, before her insured status expired. (R. 63.) He responded:

> I think once she got started at it and got some exercise and physical therapy she might be. She's going to have a good deal of difficulty getting start, getting started though. And she *might* have trouble there with, with full-time employment initially.

(*Id.* (emphasis added)).

The undersigned notes that Dr. Cooke's opinion is couched in rather speculative terms, certainly less than likely. He did not testify that plaintiff was precluded from full-time

---

[2]The Waddell's test is a "clinical test for patients with low back pain that can be used to indicate whether the patient is exaggerating symptoms." *Jordan v. Commissioner of Social Security*, 548 F.3d 417, 419-420 (6th Cir. 2008).

5

employment. In fact, he signaled that plaintiff had the functional capacity to work when he testified:

> All right, I would say she ought to be able to, to lift 10 pounds frequently, 20 pounds occasionally. She ought to be up and on her feet four to six hours out of a day. She ought to be able to sit six hours out of the day. I did not see evidence of visual loss, communication loss. She ought to avoid hazardous locations, such as scaffolds, climbing ropes, hazardous machinery, etcetera [sic].

(R. 49-50.) Moreover, no claimant is entitled to a pain free work environment. *See Brown v. Bowen*, 801 F.2d 361, 362-363 (10th Cir. 1986) (holding that for pain to be disabling it must be so severe that by itself or in combination with a claimant's other impairments that it precludes any substantial gainful employment). Thus, the fact that Dr. Cooke opined that plaintiff *might* have difficulty getting started is not inconsistent with the notion plaintiff is able to perform substantial gainful activity, which other substantial evidence in the record shows she can do.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

2/28/2011
Date