# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EVELYN MANTERIS, *Plaintiff,* <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, *Defendant.* | CIVIL ACTION NO. 3:10-CV-34 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Plaintiff brought this action to appeal the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to United States Magistrate Judge B. Waugh Crigler for a recommended disposition. Upon review of the parties' cross motions for summary judgment, (docket nos. 9 and 11), the magistrate judge issued a report and recommendation, concluding that Commissioner's final decision should be affirmed, and that summary judgment should be entered accordingly (docket no. 13). Plaintiff then filed objections, which are now pending before the court (docket no. 14). For the reasons given below, I will adopt the report and recommendation and grant summary judgment in favor of the Commissioner.

**I.**

Plaintiff filed an application for disability benefits under Title II of the Social Security Act on May 2, 2006. After two hearings on the matter, an Administrative Law Judge ("ALJ"), issued a decision on January 15, 2008, concluding that Plaintiff was not entitled to disability benefits. The ALJ found that Plaintiff suffered from a "severe impairment" under the standard

1

set forth in *Evans v. Heckler*, 734 F.2d 1012 (4th Cir. 1984), stemming from "fibromyalgia, musculoskeletal pain, irritable bowel symptoms, and headaches. . . ." (Administrative Record, hereinafter "R.", at 23). However, he nonetheless concluded that Plaintiff was not disabled because she had sufficient residual functional capacity to perform jobs that exist in significant numbers in the national economy, including "light occupations" such as counter clerk, cashier, companion, and office clerk (R. at 34). As the Appeals Council has denied Plaintiff's request for review, the ALJ's determination stands as the Commissioner's final decision.

Plaintiff argued before the magistrate judge that the ALJ's residual functional capacity finding was erroneous because it relied "entirely on the testimony of the medical expert[]," Charles L. Cooke, M.D. ("Dr. Cooke"), which itself was based "exclusively on the objective medical evidence." Pls. Br. at 10. In effect, Plaintiff posited that this reliance caused the ALJ to overlook the Plaintiff's reports of debilitating pain. While the Commissioner may not dismiss a disability claim merely because there is no objective medical evidence of pain, there is "a fundamental difference between objective evidence of pain (which is not required) and objective evidence of a medical condition which could cause the pain alleged (which is)." *Craig v. Charter*, 76 F.3d 585, 594-595 (4th Cir. 1996). Thus, the Commissioner must determine first whether "an underlying impairment capable of causing pain is shown," and then whether "subjective evidence of the pain, its intensity or degree . . . support[s] a finding of disability." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006); Soc. Sec. R. 96-7p.

As the magistrate judge noted, although the ALJ determined that the objective evidence showed that Plaintiff's impairments could produce the alleged symptoms, he nonetheless found that her statements concerning the intensity, persistence, and limiting effects were "not entirely credible." (R. at 30). Because the ALJ followed the very analysis prescribed in *Hines* and Social

Security Ruling 96-7p, Plaintiff's original theory on appeal is without any basis, and the magistrate judge was correct to so find.

## II.

Plaintiff now objects that the magistrate judge was wrong to conclude: (1) that that the ALJ's credibility analysis was proper,[1] and (2) that Dr. Cooke's testimony is consistent with a finding of no disability. I must consider these objections *de novo*. 28 U.S.C. § 636(b)(1).

### A.

A district court must uphold the ALJ's decision unless it was reached using an incorrect legal standard, or is not supported by substantial evidence in the record. *Craig*, 76 F.3d at 589 (4th Cir. 1996). Credibility determinations are entitled to particular deference. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). However, the ALJ may not reject the Plaintiff's claims on whim or caprice, but must "give specific reasons for the weight given to the individual's statements." Soc. Sec. R. 96-7p. The magistrate judge concluded that the ALJ complied with this mandate:

> [H]e provided a lengthy factual rationale supporting his finding that plaintiffs statements were "not entirely credible." That rationale included evidence . . . that there was symptoms magnification. Specifically, he noted that a physician reported that plaintiff was rejecting recommendations that could help her get better. The Law Judge also noted that a functional capacity evaluation revealed that plaintiffs symptoms did not correspond to any dermatomal or myotome pattern of weakness and that nine out of sixteen indicators were positive on the Waddell's test. Additionally, the Law Judge found that there were inconsistencies in plaintiff's statements which detracted from her credibility. For instance, although she alleged an inability to work in 1996, she continued

---

[1] Plaintiff did not raise a challenge to the ALJ's credibility determination before the magistrate judge, and such a challenge would have been inconsistent with her theory that the ALJ failed to consider subjective evidence of pain. However, the court must consider all arguments to which a proper objection is made "regardless of whether they were raised before the magistrate [judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

3

to work well beyond this time. The Law Judge's finding that plaintiff was "not entirely credible" is supported by substantial evidence.

Plaintiff now raises challenges to each of the above categories of evidence.

First, Plaintiff avers that the ALJ failed to follow applicable legal standards in interpreting her refusal to follow treatment recommendations. Pls. Br. at 3. Social Security Ruling 96-7p provides that:

> the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. . . . The explanations provided by the individual may provide insight into the individual's credibility.

In light of the above, it is clear that the ALJ's analysis was not perfect. For instance, he noted, with none of the required explanation, that an August 31, 1998 doctor's note showed that Plaintiff was rejecting treatment recommendations. (R. at 31). But this imperfect analysis does not undermine the ALJ's conclusions entirely. It bears noting that the ALJ properly considered Plaintiff's expressed desire to forego wearing an ankle brace because of its "cosmetic" appearance. (R. 31, 487). It was reasonable to conclude that "if her condition were as extreme as alleged, it is doubtful that she would reject a brace on the basis of its appearance." (R. at 31).

Contrary to Plaintiff's suggestion, it was also proper for the ALJ to consider results from "Waddell's test" which showed "maximal magnified illness behavior." (R. at 15, 31, 375). Plaintiff submits that the test results date from August, 1996, a full year before the amended alleged onset date of disability in August, 1997. However, the record shows that the results actually date from a Functional Capacity Evaluation administered in August, 1999.[2] (R. at 375).

---

[2] The ALJ's decision variously described the test as taking place in from August 1996 and August 2006. (R. at 15, 31). However, the test in question appears to have been used as part of a Functional Capacity Evaluation performed in August, 1999. (R. at 375).

4

Furthermore, the Waddell's test results were consistent with later reports. For instance, emergency room records from September 17, 2007 indicated that Plaintiff "relishes the 'sick role' and that ordering additional tests . . . merely reinforced this behavior." (R. at 31, 942).

Plaintiff also takes issue with any adverse inference that the ALJ drew from Plaintiff's inaccurate testimony that she did not work after 1996. She specifically argues that any work she performed was minimal; that she disclosed it in her disability applications; and that it did not prevent the Social Security Administration from initially approving a 1996 date of onset of disability. But as the ALJ noted, the work history tends to rebut Plaintiff's "allegations that she did no household chores, slept day and night, and could hardly tend to her personal needs."[3] (R. at 31). Thus, although Plaintiff's work may have been consistent with disability, it was still inconsistent with her other testimony.

Accordingly, the ALJ's credibility determination was supported by substantial evidence.

**B.**

Furthermore, Dr. Cooke's testimony is consistent with a determination of no disability. He opined that Plaintiff had significant residual functional capacity, and when asked whether he believed Plaintiff was capable of performing full-time work, he responded "she might be." (R. at 49-50, 63). While he acknowledged that Plaintiff would "have a good deal of difficulty getting start[ed] . . . initially," he opined she could overcome the difficulty with exercise and physical therapy. (R. at 63). He analogized Plaintiff to athletes returning to the field after being "de-conditioned from lack of exercise" in the off-season. (R. at 49). "[T]here'll be some increased pain. It's to be expected. But they can work through it . . . ." (R. at 49). As the magistrate judge noted, a claimant is not entitled to disability benefits merely because she is in

---

[3] Plaintiff testified that "[p]rior to '03, a lot of my days only consisted of four hours being awake – well, maybe six. . . . I wasn't able to do my housework anymore or cook or really even take care of myself." (R. at 81).

5

pain. Instead, the pain must be so severe by itself, or in combination with other impairments, that it precludes any substantial gainful employment. *See Brown v. Bowen*, 801 F.2d 361, 362-363 (10th Cir. 1986). Accordingly, Dr. Cooke's testimony does not undermine the ALJ's determination.

### III.

For the reasons given herein, I will adopt the report and recommendation. Therefore, I will deny Plaintiff's motion for summary judgment; grant the Commissioner's motion for summary judgment; and affirm the Commissioner's final decision.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

Entered this 30th day of March, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE